IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Kelly Owens,**

        **Plaintiff,**

**v.**                                                      **Case No. 16-2382-JWL**

**Trans Union LLC et al.,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff filed a petition in state court alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Defendant Trans Union LLC removed the case to federal court on the basis of federal question jurisdiction. Defendant Student Loan Corporation has moved to stay the case and to compel arbitration on the grounds that the terms of the loan agreements executed by plaintiff contain a valid and enforceable arbitration provision that covers the claims asserted by plaintiff in this case. In response, plaintiff concedes that she must pursue her claims against defendant Student Loan Corporation in arbitration rather than litigation. Nonetheless, plaintiff indicates that the parties have a mediation scheduled and that discovery would assist the mediation process. Plaintiff, then, asks the court to permit the parties to engage in discovery prior to mediation and to then direct the parties to arbitration only if the mediation is unsuccessful.[1] Defendant concedes that an agreement to mediate has been reached, which might

---

[1] Plaintiff also suggests in her response that, if mediation is not successful, then her claims against the other defendants should be stayed pending arbitration of her claims against Student Loan Corporation. Because that issue is not directly before the court, the court does not address it.

ultimately negate the need for arbitration, but asserts that discovery prior to the mediation is not permitted in light of the arbitration agreement.

The motion to compel arbitration is granted as unopposed and, because there is no dispute that plaintiff's claims against Student Loan Corporation are subject to arbitration, the court must stay the case pending arbitration. *See Comanche Indian Tribe of Oklahoma v. 49, LLC*, 391 F.3d 1129, 1133 (10th Cir. 2004) (once district court decides that arbitration is appropriate, it is required to stay all proceedings and compel arbitration) (citing 9 U.S.C. § 3). Thus, that aspect of the motion requesting a stay of the proceedings as to Student Loan Corporation is also granted. That stay necessarily precludes the court from requiring the parties to engage in discovery or any other aspect of the litigation process. Indeed, discovery in this forum is entirely inappropriate at this juncture. *See Corpman v. Prudential-Bache Securities, Inc.,* 907 F.2d 29, 31 (3rd Cir. 1990) ("Where an action has been stayed pending arbitration, a district court may not permit the parties to conduct discovery under the Federal Rules of Civil Procedure."); *Suarez-Valdez v. Shearson Lehman/American Exp., Inc*., 858 F.2d 648, 649 (11th Cir. 1988) (district court erred in allowing discovery to proceed pending arbitration; an agreement to arbitrate is an agreement to proceed under arbitration and not under court rules); *Advocat, Inc. v. Blanchard*, 2012 WL 1893735, at *6 (E.D. Ark. May 24, 2012) (it would be "inappropriate" to grant a discovery request pending arbitration decision); *Visa USA, Inc. v. Maritz Inc*., 2008 WL 744832, at *6 (N.D. Cal. Mar. 18, 2008) (once court determines that arbitration is the appropriate forum, requests for discovery are improper and must be denied); *RLA Marketing, Inc. v. WHAM-O, Inc*., 2007 WL 766351, at *7 (D.N.J. Mar. 7, 2007) (discovery in federal court is not proper once arbitration is compelled); *Mississippi Power Co. v.*

*Peabody Coal Co.*, 69 F.R.D. 558, 565-66 (S.D. Miss. 1976) (discovery as to the merits of a suit that has been stayed for arbitration is improper and should not be allowed).

For the foregoing reasons, the motion to stay all proceedings and to compel arbitration is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Student Loan Corporation's motion to stay and to compel arbitration (doc. 20) is **granted** and its motion for protective order and to stay proceedings pending a ruling on the motion to compel arbitration (doc. 23) is **moot.** The parties are directed to proceed to arbitration of plaintiff's claims. The court will stay the judicial proceedings in this case **as to these parties only** pending completion of the arbitration process. Counsel for the parties are directed to report to the court in writing no later than **Monday, March 27, 2017** concerning the status of that arbitration in the event that it has not been terminated earlier. Failure to so report will lead to dismissal of this case as to these parties for lack of prosecution.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3