# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KELLY OWENS,

      Plaintiff,

vs.        Case No. 16-2382-JWL-KGG

STUDENT LOAN CORPORATION, INC., *et. al,*

      Defendants.

## MEMORANDUM & ORDER ON DEFENDANT'S MOTION TO STAY

Now before the Court is Defendants' "Motion to Stay." (Doc. 35.) Having reviewed the submissions of the parties, the Court **DENIES** Defendants' motion.

## BACKGROUND

The present action was brought by Plaintiff against the Student Loan Corporation ("SLC") and two credit reporting agencies, Trans Union and Experian ("CRA Defendants" or "Defendants"). Plaintiff alleges that SLC reported "inaccurate and derogatory information to the CRAs regarding the payment history of one of [Plaintiff's] student loans." (Doc. 40, at 2.) According to Plaintiff, this false credit information has caused her the "loss of financial opportunities, loss of employment, and loss of housing opportunities . . . ." (*Id.*)

SLC moved to stay the proceedings as to itself and compel arbitration with

Plaintiff. (Doc. 20.) This motion was granted by the District Court, directing the Plaintiff and SLC to proceed to arbitration and staying the present litigation only as to the claims between Plaintiff and SLC. (Doc. 30.)

The CRA Defendants bring the present motion, requesting the Court to enter a stay as to the claims against them as well. These Defendants argue that the findings of fact in the SLC arbitration "will, by necessity, decide or clarify these core issues of accuracy and damages, which will in turn impact Plaintiff's claims against the CRA Defendants even if those findings are not binding." (Doc. 36, at 1.) Plaintiff opposes the CRA Defendants' motion, arguing that a stay is unnecessary, would cause undue prejudice to her, and that the facts considered by the arbitrator "do not predominate over the questions presented to this Court . . . ." (Doc. 40, at 1.)

## ANALYSIS

A decision whether or not to stay proceedings is within the inherent power of the Court to control its docket. ***United States v. Balfour-Walton***, No. 16-2484-JTM-GEB, 2016 WL 6718057 (D. Kan. Nov. 15, 2016) (citing ***Universal Premium Acceptance Corp. v. Oxford Bank & Trust***, No. 02-2448-KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002). The decision rests within the sound discretion of the Court. *Id.*

2

> The Court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing before it. In discharging its discretion, the Court must 'weigh competing interests and maintain an even balance.' The party requesting the stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.' The Tenth Circuit Court of Appeals has cautioned that 'the right to proceed in court should not be denied except under the most extreme circumstances,' relying in part on a U.S. Supreme Court decision announcing, '[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'

*Id*. (internal citations omitted).

In determining whether to stay a non-arbitrating party's claims stay, courts in this District typically review the following factors:

> (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship.

***Ronning Engineering Co., Inc. v. Adkins Energy***, 2006 WL 2038024, at *1 (D. Kan. July 18, 2006) (citing ***Meadows Indemn. Co. v. Baccala & Shook Ins. Serv., Inc.***, 760 F.Supp. 1036, 1046 (E.D.N.Y.1991) (cited in ***Coors Brewing Co.***, 51 F.3d at 1518)). The Court finds that an analysis of these factors weighs against staying these proceedings as to Plaintiff's claims against the CRA Defendants.

3

As stated by Plaintiff, "[j]udicial and party resources would not be preserved because the claims against SLC are not so intertwined with the claims against [CRA] Defendants that the [CRA] Defendants would be saved any significant expenditure of resources." (Doc. 40, at 4.) Further, "this Court will have to determine, for itself, the issues of whether Defendants reported inaccurate information about [Plaintiff], and whether Defendants conducted a reasonable investigation of [Plaintiff's] disputed information." (*Id.*) As such, any judicial economy benefit is negligible.

The second factor, whether a stay would avoid confusion and inconsistent results, also weighs against entering a stay. The roles played by SLC and the CRA Defendants in the context of Plaintiff's credit are separate and distinguishable. As explained by Plaintiff, SLC, as a creditor of Plaintiff, is "a furnisher of credit information, while [the CRA] Defendants are credit reporting agencies." (Doc. 40, at 5.) In other words, SLC submits information about Plaintiff to the CRA Defendants who, in turn, compile and disseminate that information along with what they receive from Plaintiff's other creditors. The statutory and regulatory duties and obligations imposed on the CRA Defendants are distinct from those imposed on the SLC. Thus, Plaintiff's fair credit reporting claims "against [the CRA] Defendants do not depend on the success or failure of her claim against

SLC." (*Id.*) As such, the "results" of this litigation as to the CRA Defendants are not necessarily dependent on findings and conclusions made as to SLC in the arbitration.

The factor that has the most bearing to the Court's determination of the present matter is the prejudice or undue hardship imposed on Plaintiff. The CRA Defendants argue that the stay will not result in any hardship to Plaintiff. (Doc. 36, at 9.) Rather, according to them, Plaintiff "will be spared having to duplicate her efforts in both arbitration and this action." (*Id.*)

Plaintiff counters that Defendants are not in a position to argue what she should and should not be spared, particularly as these Defendants are not involved in both proceedings. (Doc. 40, at 8.) Rather, Plaintiff contends that she "continues to have difficulties securing housing, and being able to properly care for her son – all because the inaccurate information that she complains is reported on her credit report *continues to be reported.*" (Doc. 40, at 8.)

Considering all of the factors and the arguments presented, the balance weighs against entering a stay in this action. Defendants' motion (Doc. 35) is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay (Doc.

35) is **DENIED**.

    **IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 16th day of February, 2017.

                                 S/ KENNETH G. GALE
                                 KENNETH G. GALE
                                 United States Magistrate Judge